Matthias, J.
The question presented is whether, where the portion of the profit sharing and pension trust of the Early & Daniel Company, credited to the account of a decedent employee, is paid to his widow as his designated beneficiary, such payment is a succession and taxable under Section 5332, General Code.
E. L. Daniel, an employee of the Early & Daniel Company, continued in such employment until his death at the age of 54 years. Prior to his death, he had, pursuant to the provisions of such trust instrument, designated Jeannette P. Daniel, his wife, his beneficiary “to receive any amounts due to him hereunder in the event of his death.”
After the death of E. L. Daniel, the trustee paid to the beneficiary $26,799.76, the proceeds of the trust fund apportioned to E. L. Daniel.
The Probate Court determined that the succession to such sum “is taxable for the reason that the proceeds of said trust did come into the possession of the said Jeannette P. Daniel as a succession taxable under Section 5332 et seq., General Code of Ohio.”
Subdivision 2 of Section 5331, General Code, is as follows:
“ ‘Succession’ means the passing of property in possession or enjoyment, present or future.”
The pertinent portion of Section 5332, General Code, is as follows:
*111 “A tax-is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases:
“1. When the succession is by will or by the intestate laws of this state from a person who was a resident of this state at the time of his death.
“2. When the succession is by will or by the intestate laws of this state or another state or country, to property within this state, from a person who was not a resident of this state at the time of his death.,
‘ ‘ 3. When the succession is to property from a resident, or to property within this state from a nonresident, by deed, grant, sale, assignment or gift, made without a valuable consideration substantially equivalent in money or money’s worth to the full value of such property:
“(a) In contemplation of the death of the grantor, vendor, assignor, or donor, or
“(b) Intended to take effect in possessiqn or enjoyment at or after such death.”
The appellants contend:
1. The decedent had no ownership and no right to alienate the amount credited to him and hence could not by designating a beneficiary bring about a succescession of property from him “by deed, grant, sale, assignment or gift.”
2. The payment of the proceeds by the trustee to Mrs. Daniel is not a succession because it was not from the deceased, and the designation of a beneficiary was not the transferring of his property.
Pursuant to the trust agreement, the company had transferred to the trustee the principal of a trust fund “for the purpose of providing certain financial protection for such employees after attaining the age of sixty-five (65), and certain financial protection to the dependents and objects of bounty of such employees.” *112 No provision is made for and there are no contributions by the employees.
Having in mind that in this case we' are not considering the rights and benefits of an employee upon his retirement, but only his interest in a fund credited to him, and which he has authority to pass to a beneficiary at his death, we shall refer only to the portions of the long and involved trust instrument, which we deem pertinent to the question presented by the record. Under the provisions of the trust instrument, in the event of the death of a participating employee, his share of the trust assets shall be paid to his designated beneficiary. If a beneficiary is not designated or, if designated, shall predecease the employee, payment is to be made to the executor or administrator of the estate of the deceased employee.
Each year when making its contribution to the trust, the company makes necessary certification to show the interest of each participating employee in the total contributions. Upon such payments being made, all rights or claims of the company therein terminate and the company has no right or claim to the trust fund except the “ right to a proper application thereof to and for the sole and exclusive benefit of the participating employees by the trustee.”
The trustee is required to allocate each company contribution to each participating employee in the proportion that each such employee’s total participating compensation bears to the total certified compensation. The trustee is also required to keep in the records of the trust a separate account for each participating employee, and there must be credited to the account of each such employee his or her respective share in the company contributions based upon the allocation above provided for. Likewise each year there must be credited to each individual account its proportion of *113 the net income earned by the trust fund. The profit-sharing purpose of the instrument is thus fully carried out.
It is, therefore, entirely clear that the sum due each such employee each year is, in accordance with the trust instrument, credited to his separate account, and thus the sum of money for each such employee is segregated and safeguarded pending disposition by the employee, which disposition may be consummated .at the time of his death by payment to the person duly designated as his beneficiary “to receive any amounts due to him hereunder in the event of his death. ’ ’
The trust fund belongs to the employees, each being the owner of his allotted portion, although the actual possession and control thereof is postponed pending severance or retirement of the employee or, as in this instance, the death of the employee. No one but such employee has the right to make any disposition of the money thus belonging to him and the consummation of the gift thereof is merely postponed. In the meantime, each employee has a vested property right in the trust fund credited to his individual account, subject to divestment only by the discharge of the employee for fraud, dishonesty or his intentional damage or destruction of company property. Under the facts in this case, the deceased employee’s share of the fund remained intact until his death.
It is stated in the syllabus in the case of Tax Comm.., ex rel. Price, Atty. Genl., v. Lampbrecht, Admr., 107 Ohio St., 535, 140 N. E., 333, 31 A. L. R., 985, that “the Ohio State inheritance tax is a succession tax on the beneficial interest of each heir, legatee, devisee, or other beneficiary of a decedent’s estate * * (Emphasis supplied.)
The succession tax is not a tax upon the estate, but is a tax upon the succession or the right and privilege *114 to receive. It is not a tax on property, but upon the right of succession to the property of a deceased person.
The protection and preservation of such fund from assignment, attachment or execution “prior to such actual payment or delivery” does not have the effect of taking it out of the category of a “succession” as defined by the provisions of the statute.
The fund definitely set aside for the employee, Daniel, whether deemed additional compensation or otherwise, was his to dispose of at his death just as any other property which he possessed, and by his direction it passed to his designated beneficiary.
We are in full accord with the judgment of the Court of Appeals that the payment of such sum is taxable as a “succession.”
The judgment is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Taft, Zimmerman and Stewart, JJ., concur.